UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MARINE EXPRESS, INC.,

    Plaintiff

v.    Civ. No. 98-1665 (PG)

MARITIME SHIPPING SERVICES, INC., ET AL.,

    Defendants

## OPINION & ORDER

In this admiralty and maritime case, pending before the Court is Plaintiff Marine Express, Inc.'s motion for summary judgment. (Dkt. 8) Plaintiff has also filed a motion requesting sanctions against Defendants Maritime Shipping Services, Inc., Manuel Santiago, Marta Gonzalez, and the Conjugal Partnership by them, d/b/a Maritime Shipping Services, Inc. (Dkt. 10) Defendants did not respond to either of Plaintiff's motions.

## FACTS

Plaintiff, a corporate entity registered and doing business under the laws of the Commonwealth of Puerto Rico, is a common carrier engaged in the business of providing transportation of goods for hire through regular routes in the Commonwealth of Puerto Rico and ports in the United States of America or in foreign countries. Upon the request and arrangements of Defendants Plaintiff carried various shipments of cargo in exchange for payment of certain freight and other related charges (as established in Ocean Freight Tariff Number 1).[1]

---

[1] The cargo was carried pursuant to the terms and conditions of bills of lading numbers MAZ7381, MAZ7561, MAZ7389, MAZ10403, MAZ10407, MAZ10327, MAZ10252, MAZ686, SJ200, SJ202, SJ2915, MAZ10973, SJ688, MAZ10962, MAZ10964, MAZ10968, MAZ2916, MAZ11358, MAZ11391, MAZ10402, and MAZ14047.

AO 72A
(Rev.8/82)



98-1665 (PG) 2

Defendants acted as freight forwarder in each of the shipments at issue by locating and reserving space for the shipments on plaintiff's ships, preparing the bills of lading, arranging for the cargo to be picked up and delivered to the pier and doing other paper work concerned with each shipment. Defendants are also identified in most of the bills of lading at issue as shipper and/or consignee.

The bills of lading each contained the clause: "The receipt, custody, carriage, delivery, and transhipping of the goods are subject to the terms appearing on the face and back hereof, and carrier's tariffs on file with the Federal Maritime Commission, Washington, D.C." Likewise, clause 13 on the back of each bill of lading further provided that

> The shipper, consignee, holder hereof, and owners of the goods shall be jointly and severally liable to Carrier for payment of all freight, demurrage, General Average and other charges, including but not limited to court costs, expenses and reasonable attorney's fees incurred collecting sums due Carrier. Payment of ocean freight and charges to a freight forwarder, broker, or anyone other than MARINE EXPRESS, INC. or its authorized agent shall not be deemed payment to the Carrier and shall be made at payor's sole risk.

As a result of the business dealings between the parties, Plaintiff is owed $23,346.44 for payment on shipments covered by the bills of lading (*see* fn.1). Plaintiff's comptroller, Ms. Maribel Más Rivera, computed the amount in accordance with the applicable rates established in Plaintiff's tariff, Ocean Freight Tariff Number 1.

## DISCUSSION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333(1). Plaintiff has moved for summary judgment. Summary judgment is appropriate when no genuine issues of material fact persist. *See* Fed. R. Civ. P. 56(a). The present case is ripe for a determination at the summary judgment stage. The facts are not in dispute and the law is clear.

Plaintiff carried cargo on behalf of Defendants, a service for which they wish to be paid.

98-1665 (PG) 3

Plaintiff introduced evidence in the form of bills of lading and an affidavit from its comptroller. Defendants have chosen not to respond to Plaintiff's motion.

Common carriers providing transportation or services must charge for such transportation or services at the rate contained in the tariff in effect and on file with the Federal Maritime Commission or the Interstate Commerce Commission. A tariff has the effect of law and the carrier must collect the charges specified in the tariff.

Plaintiff seeks that which it is required to do, collect the charges due. There being no genuine issue of material fact, the Court GRANTS Plaintiff's motion for summary judgment (Dkt. 8). The Court also GRANTS Plaintiff's motion for sanctions (Dkt. 10) and awards Plaintiff its reasonable costs and attorney's fees. Plaintiff shall file a motion evidencing the amounts for each as a result of this suit.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 7, 2000.

_____
JUAN M. PEREZ-GIMENEZ
U.S. District Judge